IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES AYOT, | ) |
| | ) |
| Plaintiff, | ) No. 17 C 7801 |
| | ) |
| v. | ) Judge Virginia M. Kendall |
| | ) |
| DUPAGE STATE'S ATTORNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Ayot brings his Complaint for RICO violations against the DuPage State's Attorney; Paula Ciesieki, Clerk of the DuPage County Court; Patrick Collins; Marissa Spencer; Jessica Sissler; Norman Hall; Kenneth Tataralis; DuPage Probation; and Judge Joseph Bugos. Ayot's complaint is a refiling of allegations that have been dismissed in six different cases in federal court. Even if this complaint were not barred by res judicata, the previous complaints were properly dismissed for failure to state a claim due to defendant's qualified immunity and under principles of res judicata and this rehashed version is similarly flawed. Ayot cannot bring a new complaint after the dismissal of his previous cases, even if he has a new theory, because he was obligated to bring all of those claims at the time he first charged the complaint. Ayot has a history of filing frivolous claims and is warned that his frivolous filings may result in having him barred from future filings.

## BACKGROUND

The instant case marks the latest of many chapters in James Ayot's crusade as a *pro se* litigant to right what he perceives to be the wrongs inflicted upon him due to his arrest for domestic violence. All of these cases initially arise from a dispute with his then-girlfriend, Sharlene Rice, a dispute that resulted in Ayot's arrest on suspicion of domestic violence. Since

1

his time in jail for the domestic violence charge, between October 17–19, 2015, Ayot has had several interactions with the Naperville Police Department and DuPage entities. In his subsequent civil cases, he alleges that he was wronged in various ways: by false claims made by the DuPage State's Attorney's office, improper medical care he received while incarcerated, an imposed bond that he believes constituted extortion, and his name allegedly remaining on an offender website after the domestic violence charges had been dismissed which, he claims, constitutes libel.

Ayot's lawsuits against various Naperville officials and DuPage entities began in state court. On May 26, 2016, in the Circuit Court of DuPage County, Ayot sued the Naperville Police Department for "misconduct/negligence and selective enforcement[.]" *See Ayot v. Naperville Police*, No. 16 L 483 (Cir. Ct. DuPage Cnty., Ill.). On June 8, 2016, in a separate suit in DuPage County Court that was originally brought by Ayot's ex-girlfriend against him, Ayot received leave to file a counterclaim and docketed a third-party complaint against "Naperville Police" for "misconduct/negligence and selective enforcement." *Rice v. Ayot*, No. 16 L 454 (Cir. Ct. DuPage Cnty).[1] The counterclaim was identical to the complaint in Case 16 L 483, except for that he increased the amount of damages sought from $1,121,172 to $4,000,000. On June 16, 2016, Ayot voluntarily dismissed Case 16 L 483 and the same day, the state court struck Ayot's claims against the city. Then, on June 27, 2016, Ayot filed suit in the Circuit Court of Cook County alleging negligent police misconduct, again based on the events alleged in Case 16 L 483 and 16 L 454.[2] *Ayot v. Naperville Police*, No. 16 L 6329 (Cir. Ct. Cook County., Ill.).

After failing to receive relief in state court, Ayot began his federal lawsuits last year. Excluding the instant case, Ayot has filed ten lawsuits in federal court. All have been dismissed

---

[1] The history of Ayot's state court filings is taken directly from Judge Feinerman's Opinion. *See* Case No. 16 C 10083, Dkt. 129 (N.D. Ill. 2016).
[2] It is unclear whether this case is still pending.

2

except for three which remain pending in the initial stages of litigation, two which were filed today. *See Ayot v. City of Naperville*, 16 C 10083 (N.D. Ill. 2016) (dismissed with prejudice); *see also Ayot v. Dupage SAO*, 16 C 10086 (N.D. Ill. 2016) (dismissed with prejudice); *see also Ayot v. DuPage County*, 17 C 4401 (N.D. Ill. 2017) (dismissed with prejudice); *see also Ayot v. Naperville Police*, 17 C 7021 (N.D. Ill. 2017) (dismissed with prejudice); *see also Ayot v. Ushmann et al.*, 17 C 7668 (case pending); *see also Ayot*, 17 C 8266 (N.D. Ill. Nov. 15, 2017); *see also Ayot*, 17 C 8267 (N.D. Ill. Nov. 15, 2017).

First, on October 27, 2016, Ayot filed a *pro se* suit in front of Judge Feinerman, now framing the Naperville police's conduct as violating Ayot's civil rights. *See Ayot v. City of Naperville*, 16 C 10083 (N.D. Ill. 2016). After filing his case, Ayot "papered the docket with a dizzying array of baseless and/or procedurally improper motions[,]" the vast majority were frivolous and therefore denied. (*Id.* at Dkt. 129 at 1.) Judge Feinerman granted the defendants' motion to dismiss, noting that Ayot's federal claim mirrored the pleadings in his state court cases. (*Id.* at Dkt. 128.) On the same day Ayot filed his case in front of Judge Feinerman, on October 27, 2016, he also filed a *pro se* complaint in a case assigned to Judge Ellis for claims also stemming from the October 2015 domestic violence charges. *Ayot v. Dupage SAO*, 16 C 10086 (N.D. Ill. 2016). Because prosecutors within the State's Attorney's Office enjoy absolute immunity, *see, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009), the court dismissed the action. (*Id.* at Dkt. 13.)

On June 12, 2017, Ayot filed yet another federal case, which was assigned to Judge Tharp. *Ayot v. DuPage County*, 17 C 4401 (N.D. Ill. 2017). Ayot alleged that DuPage County was committing libel against him by disclosing charges against him that had been dismissed on the website "vinelink." *Id.* at Dkt. 1. Judge Tharp tried to organize the "jumbled narrative" but

determined it did not give rise to a plausible federal claim: (1) despite suing DuPage County, there were no facts relating to *Monell* (*see generally Monell v. Dep't. of Social Services*, 436 U.S. 658 (1978)) and (2) there was no connection between the defendant entities and the "vinelink" website that allegedly failed to take down Ayot's name. (Dkt. 30 at 3.)

On September 28, 2017, Ayot filed his next *pro se* complaint along with an application for leave to proceed *in forma pauperis*; this case was assigned to Judge Blakey. *Ayot v. Naperville Police*, 17 C 7021 (N.D. Ill. 2017). In reviewing the application, Judge Blakey dismissed the case because the lawsuit was repetitive and barred by res judicata principles. *Id.* at Dkt. 21. Judge Blakey specifically noted that on the civil cover sheet, Ayot was asked to list any related cases and to indicate whether he was initiating an original proceeding or a reinstated or reopened case and that Ayot checked the box for "original proceeding" and did not list any related case. *Id.* Judge Blakey determined that this statement was false based on Ayot's history of pursuing the claim both in federal and state court and the case was closed on November 6, 2017. (*Id.*) Litigants who lie on their IFP applications have routinely been dismissed from litigating their claims before courts due to their abuse of the legal process. *See Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (Dismissal with prejudice is an appropriate sanction when a plaintiff tries to deceive the district court by falsifying an IFP application.) (collecting cases).

On October 24, 2017, Ayot filed *Ayot v. Ushmann et al.*, 17 C 7668 and the case was assigned to Judge Durkin. Once again, the case charges DuPage entities and various individual government employees for, among other things, malicious libel for keeping his name on the "vinelink" website after charges had been dropped. (*Id.*) The case is currently pending, although it appears to be a mere rehash of the case filed before Judge Tharp.

In the instant case, on October 30, 2017, Ayot fashions his complaint as charging "RICO Violations" against the DuPage State's Attorney Office, the DuPage probation department, and five individual defendants employed by DuPage. (Dkt. 1.) In his civil cover sheet, he does not list any related cases and instead leaves that portion of the sheet blank. (Dkt. 3.) The Complaint is another attempt to litigate the events that stemmed from the initial October 2015 domestic violence incident. Ayot alleges that around that time, Officer Nance[3] of the Naperville police "used false claims" to request a warrant resulting in Ayot's being taken into custody in case 15 DV 1582. (Dkt. 1 at ¶ 1.)

Ayot's Complaint ends with a few conclusory allegations, including: "Let the court be aware that after extorting bond money from me, Dupage sao then engaged in further Rico [sic] violations by engaging in falsified testimony, illegal imprisonment, harassment, intimidation and retaliation all in an attempt to refuse to comply with legal court orders requiring Dupage sao and clerk of court to refund 100% of bond after charges against me were dismissed." (Dkt. 1 at ¶ 11.) He asks for damages of $25,000,000. *Id.*

On the same day he filed his case, Ayot also filed a request for a restraining order requesting an order against Dupage SAO for "abuse of office by needlessly bringing litigation against me whenever courts ruled against them." (Dkt. 8.) He also filed two motions "for sanctions for malfeaseance" (Dkt. 6, 7.)

**DISCUSSION**

This is the eighth case Ayot has filed based on the October 2015. The case is dismissed for the following reasons.

First, in the civil cover sheet, Ayot characterized his case as an original action and when asked whether there were any related cases, Ayot left that portion of the cover sheet blank. The

---

[3] While Officer Nance was a named defendant in Ayot's prior cases, she is not in this case.

5

failure to disclose the multiple related cases constitutes lying to the Court and the case is dismissed with prejudice on that basis alone—especially given that Judge Blakey already warned him that such conduct was egregious. *See Thomas*, 288 F.3d at 306. (the authority of a district court judge to impose a sanction of dismissal with prejudice for lying to the court is "beyond question.")

Judge Ellis already held that Ayot's claims against the State's Attorney's office are barred by immunity. *See, e.g., Van de Kamp*, 555 U.S. at 342 (prosecutor's enjoy absolute immunity under § 1983; without such immunity, the prosecutor's office would suffer if the prosecutor had to "mind his 'own potential' damages 'liability' when making prosecutorial decisions[.]") (internal citations omitted). Therefore, his claims against ASA Defendants Paula Ciesieki, Marissa Spencer, Norman Hall, and the DuPage State's Attorney's office are dismissed due to res judicata and immunity. Additionally, judges enjoy absolute judicial immunity and therefore the RICO claim against Judge Budos also fails. *See, e.g., Brunson v. Murray*, 843 F.3d 698, 709 (7th Cir. 2016) (when actions are judicial in nature, absolute immunity is available). All other Defendants, Kenneth Tataralis, Jessica Sissler, and Patrick Collins, despite naming them as defendants, are never mentioned in the complaint and therefore dismissal is proper on that basis alone with respect to those Defendants. See e.g. *United States ex rel. Ailabouni v. Advocate Health & Hosps. Corp.,* No. 13-CV-1826, 2017 WL 4310640, at *11 (N.D. Ill. Sept. 28, 2017) ("When a complaint alleges no specific act or conduct on the part of the defendant, dismissing the defendant is proper") (citations omitted). Ayot attempts to circumvent Judge Ellis's dismissal by creating a new theory of liability.

Ayot's claims are further barred by the doctrine of res judicata. Labeling his claims now as "RICO violations" does not change the fact that his claims are repetitive of his previously

filed cases. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822-23 (7th Cir. 2006) ("Res judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were.") (collecting cases); *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) ("We have recognized that under Illinois law a government and its officers are in privity for purposes of *res judicata*.") For example, Ayot alleges that Defendants made false claims in order to obtain the arrest warrant in the 2015 domestic violence case. But Ayot has already extensively litigated the false nature of the claims against him in every other case he filed. Additionally, the vinelink/libel allegations were already raised in the case assigned to Judge Tharp. Instead of refiling the same claims in a new case, the appropriate procedure is to seek leave to amend his complaint. *See, e.g., Carr v. Tillery*, 591 F.3d 909, 913−14 (7th Cir. 2010) (plaintiff "cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata").

Finally, the Court has a responsibility to protect against vexatious litigation. *See Bach v. Milwaukee Cty. Circuit Court*, 565 F. App'x 531 (7th Cir. 2014) ("The Court must ensure that [f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.") (citations omitted). Ayot continues to litigate claims arising from the October 2015 domestic violence charges against him in at least four different courtrooms in this district alone, in addition to those claims he brought in state court. These repeat filings have been made to circumvent the dismissal of his previous claims and therefore

7

constitute a pattern of vexatious litigation and abuse of the judicial process. *See Chapman v. Executive Committee of U.S. Dist. of Northern Dist. of Ill.*, 324 Fed.Appx. 500, (7th Cir. 2009) (upholding executive committee's filing bar of vexatious pro se litigant who had made repeated attempts to file new suits involving the same allegations of mistreatment by law enforcement officers).

## **CONCLUSION**

The Court denies Ayot's IFP application and dismisses the case with prejudice. All pending motions are stricken. Civil case terminated and referred to the Executive Committee.

Date: November 15, 2017

_____
Hon. Virginia M. Kendall
United States District Judge